**The STATE of Ohio, Appellant,**

v.

**FARESE, Appellee.**

[Cite as *State v. Farese* (1990), 71 Ohio App.3d 60.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59629.

Decided Dec. 31, 1990.

*John T. Corrigan,* Prosecuting Attorney, and *David Hildebrandt,* Assistant Prosecuting Attorney, for appellant.

*Albert A. Giuliani,* for appellee.

*Per Curiam.*

## I. THE APPEAL

Plaintiff-appellant, state of Ohio, appeals from the judgment of the Court of Common Pleas, Cuyahoga County, granting defendant-appellee Kevin Farese's motion to suppress evidence.

## II. THE FACTS, GENERALLY

The facts in this case were in dispute. On July 10, 1989, Detective Gary Gingell set up surveillance on a group of row houses on West 25th Street. Detective Gingell alleged that on that date he observed, through ten-power binoculars, appellee Kevin Farese purchase drugs and place them in his pocket.

Detective Gingell notified Detective Heffernan by radio that he observed and gave a description of appellee Farese. Pursuant to the radio report, Detective Heffernan stopped appellee, searched him and found a pipe and one rock of cocaine in appellee's pocket.

Appellee Farese related a different set of facts. He alleged that he did not purchase drugs behind the row houses, but rather was there in search of a "Johnson" with whom to play basketball. He allegedly talked to a "Sonny" for a few minutes and then left.

Appellee was arrested on July 10, 1989. On August 14, 1989, appellee was indicted on one count of drug abuse (R.C. 2925.11) and one count of possession of criminal tools (R.C. 2923.24). On November 1, 1989, a motion to suppress evidence was filed by appellee. A hearing on that motion was held on December 28, 1989. The court denied the motion to suppress on February 22, 1990. On April 5, 1990, appellee's Crim.R. 29 motion as to the count of possession of criminal tools was granted. On that same day, appellee motioned the court to reconsider its ruling on appellee's motion to suppress evidence filed on February 22, 1990. Upon reconsideration, the court granted the motion to suppress relying on *Smith v. Ohio* (1990), 494 U.S. 541, 110 S.Ct. 1288, 108 L.Ed.2d 464.

Thereafter, the appellant brought this timely appeal from the granting of the motion to suppress the state's evidence.

## III. APPELLANT'S SOLE ASSIGNMENT OF ERROR

The appellant, in its sole assignment of error, states:

"The trial court erred in granting the defendant's motion to suppress evidence."

## A. ISSUE RAISED: WHETHER THE TRIAL COURT ERRED IN GRANTING THE MOTION TO SUPPRESS THE STATE'S EVIDENCE OF DRUG ABUSE

The appellant in its sole assignment of error, argues that the trial court erred by granting appellee Kevin Farese's motion to suppress evidence. Specifically, appellant argues that the trial court should not have reversed

itself and granted the motion to suppress relying solely on *Smith v. Ohio, supra.*

### B.  *SMITH v. OHIO* (1990), 494 U.S. 541, 110 S.Ct. 1288, 108 L.Ed.2d 464.

In *Smith v. Ohio, supra,* decided by the United States Supreme Court on March 5, 1990, the Supreme Court held that a warrantless search of the suspect's bag could not be justified as a search incident to a lawful arrest when the suspect was arrested for drug abuse after drug paraphernalia were found in the bag.

### C.  THE FACTS IN *SMITH*

Danny Smith was approached by two plain clothes officers of the Ashland Ohio Police Department on a June evening as he and a companion exited a private residence and entered the parking lot of a YMCA.  Smith was carrying a brown paper grocery bag with the words "cash'n karry" and "Loaded with Low Prices."  One of the two officers exited the vehicle and, without identifying himself, asked Smith to "come here a minute." *State v. Smith* (1989), 45 Ohio St.3d 255, 256, 544 N.E.2d 239, 240.  Smith did not respond and kept walking.  When Officer Thomas identified himself as a police officer, Smith "threw the sack he was carrying onto the hood of [his] car." *Id.*  Officer Thomas asked Smith what the bag contained; Smith did not respond.  Officer Thomas then rebuffed Smith's attempt to protect the bag, pushed Smith's hand away and opened the bag.  The drug paraphernalia discovered within provided probable cause for the arrest and evidence sufficient to support Smith's conviction for drug abuse.

### D.  CONTROVERTED FACTS

In the case *sub judice,* the facts are controverted.  The police testimony of Detective Gary Gingell stipulates that he observed appellee through the aid of ten-power binoculars.  He observed appellee approach and have a brief conversation with a female.  Detective Gingell stipulated that he further observed appellee remove some paper money from his pocket and hand it to the female (a possible drug seller).  The female in turn handed appellee a small item, which he placed in his left pocket.

Detective Gingell then radioed another member of their drug unit with the information of what he had observed and a description of appellee.  The radioed detective stopped appellee and searched him.

Appellee alleged that he purchased the cocaine some time prior to his arrest, and from a different location than that location under surveillance.  He further alleged that he did not visit a female in the location under surveil-

lance, but rather was looking for "Johnson" or someone with whom to play basketball.

■ If these facts were not in dispute, the inquiry as to whether *Smith* would apply to the case *sub judice* would end here. It is axiomatic that a radio description may provide enough probable cause to stop the identified suspect and search for the reported contraband. *State v. Moton* (July 9, 1987), Cuyahoga App. No. 52274, unreported, at 6, 1987 WL 14187. However, since the facts in the case *sub judice* were controverted, the judge was concerned about the credibility of the witnesses. In all fairness to both sides, the judge requested case law to support each contention. *Smith v. Ohio, supra,* is the most recent high court ruling on the issue involved in the present case.

## IV. FOURTH AMENDMENT

■ The Fourth Amendment does permit the detention for a brief period of property on the basis of only "reasonable, articulable suspicion." *United States v. Place* (1983), 462 U.S. 696, 702, 103 S.Ct. 2637, 2642, 77 L.Ed.2d 110, 117. However, the Fourth Amendment proscribes the search of that property unless accomplished pursuant to judicial warrant issued upon probable cause.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *." The Fourth Amendment guarantees the privacy, dignity, and security of persons against certain arbitrary and invasive acts by officers of the government or those acting at their direction. *Camara v. Municipal Court* (1967), 387 U.S. 523, 528, 87 S.Ct. 1727, 1730, 18 L.Ed.2d 930, 935.

In the case *sub judice,* the judge made his determination that the police officers overstepped the boundaries of their permissible actions under the guarantees of the Fourth Amendment by applying the holding of *Smith v. Ohio.* The judge contended that the search of appellee herein was not a self-protective action necessary for the officer's safety. See *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. Further, the judge held that the warrantless search could not be justified as a search incident to a lawful arrest when the appellee was arrested for drug abuse after the drug paraphernalia were found in his pocket. *Smith v. Ohio, supra.*

## V. CONCLUSION

In the present case, the trial judge could not give any more weight to the testimony of police than that given to the testimony of appellee. The judge,

therefore, applied the ruling of *Smith v. Ohio,* since the fact situation was similar.

In reliance upon *Smith,* the trial judge decided that probable cause to arrest the appellee did not exist prior to the search of the appellee. Therefore, in applying the holding of *Smith,* the trial judge correctly decided that the appellee's Fourth Amendment rights were violated by the unlawful search and consequent arrest. As we have had occasion in the past to observe, "[i]t is axiomatic that an incident search may not precede an arrest and serve as part of its justification." *Sibron v. New York* (1968), 392 U.S. 40, 63, 88 S.Ct. 1889, 1902, 20 L.Ed.2d 917, 934–935. Therefore, the judgment of the trial court to grant the motion to suppress the state's evidence as applied in *Smith v. Ohio* is affirmed.

*Judgment affirmed.*

MATIA, P.J., NAHRA and ANN McMANAMON, JJ., concur.