DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant William D. Kirby has appealed from a judgment of the Summit County Common Pleas Court that found him guilty of driving with a suspended license, a violation of Section 71.07 of the Akron City Code. He has argued that the trial court incorrectly denied his motion to suppress evidence obtained as a result of questioning by a police officer that amounted to an illegal seizure. This Court affirms the judgment of the trial court because defendant was not seized while he answered the questions of the officer.
 I.
On November 23, 1996, an officer of the Akron Police Department spotted defendant entering a store. The officer had arrested defendant several years earlier and remembered that, in the past, there had been outstanding warrants for defendant's arrest. The officer, however, only remembered defendant's last name. A scan of his warrant sheet revealed warrants for two people with defendant's last name. Uncertain if defendant might be one of the names on the list, the officer approached defendant and asked for his first name.
Defendant gave the officer his first name, then volunteered to provide his social security number. The officer asked him to have a seat in his patrol car while the name and number were run through the police computer system to check for outstanding warrants. Defendant agreed.
Defendant was not one of the names listed on the warrant sheet, and the computer confirmed as much. In addition, the system noted that defendant's driving privileges had been suspended. The officer asked how defendant had gotten to the store, considering the suspended driving privileges. Defendant stated that he had walked. The officer then opened the door for defendant, and he left.
As the officer was leaving the store's parking lot, he noticed a red truck with painting supplies, including ladders and drop cloths, visible in the back. That truck was the only vehicle, besides the officer's car, in the parking lot. The officer's attention was drawn to the truck because defendant was wearing pants with paint and plaster splattered on them. As the officer drove from the store, he ran the license number of the truck through the computer system. The truck was registered to defendant.
The officer drove around the block. As he approached the store once more, he saw defendant driving the truck from the parking lot. He immediately pulled defendant over and issued him a citation.
Defendant filed a motion to suppress the evidence against him. He argued that the officer did not have a reasonable articulable suspicion for either the initial stop or the stop to issue him a ticket. The trial court denied his motion. Defendant then pleaded no contest to the charge against him and was found guilty by the trial court. He timely appealed to this Court.
 II.
Defendant's sole assignment of error is that the trial court incorrectly denied his motion to suppress. He has argued that, under both the federal and Ohio constitutions, the initial detention to find out his first name was an illegal seizure, not based on "any articulable or specific reason."[1]
Defendant's encounter with the officer, however, was not a seizure. When a police officer approaches an individual to question him, that person is seized for Fourth Amendment purposes only if, in view of the totality of the circumstances, a reasonable person would have believed that he was not free to leave. United States v. Mendenhall (1980), 446 U.S. 544, 554,64 L.Ed.2d 497, 509 (opinion of Stewart, J.); Florida v. Royer
(1983), 460 U.S. 491, 501-502, 75 L.Ed.2d 229, 239 (plurality opinion); Florida v. Bostick (1991), 501 U.S. 429, 435-436,115 L.Ed.2d 389, 399; State v. Smith (1989), 45 Ohio St.3d 255, 257, reversed on other grounds (1990), 494 U.S. 541, 108 L.Ed.2d 464.Mendenhall listed several examples of situations that could, when weighed in light of the totality of the circumstances, determine whether a seizure had occurred. Those situations included the threatening presence of police officers, display of weapons, physical touching of the defendant, and use of language or a tone of voice that indicated compliance with the officer's request might be compelled. Mendenhall, supra, 446 U.S. at 554,64 L.Ed.2d at 509. Upon review of this case, none of the situations listed in Mendenhall were present. One police officer approached defendant in a public place, outside the store defendant was leaving. The officer asked defendant for his first name. That inquiry did not constitute a seizure. See State v. Taylor (1995),106 Ohio App.3d 741, 747. Defendant could have refused the request, but he did not. He gave his name, volunteered his social security number, then consented to wait in the patrol car.
Testimony at the suppression hearing indicated that the doors of the patrol car were locked from the outside and the officer was required to open the door in order to allow defendant to leave. Defendant has argued that this showed that he was restrained and, therefore, seized. Defendant, however, had already given the officer his name and social security number before being seated in the car. Further, he did not ask to leave at any time during the encounter. After the encounter, when defendant did leave, the officer opened the door for him, and he went on his way. Defendant was at all times free to refuse the officer's request for information and to walk away. His exchange with the officer was no more than a consensual encounter.
Because defendant was not seized, the officer did not obtain any information from his questioning in violation of theFourth Amendment. Of course, the police officer could have checked the licence number of the truck regardless of whether he initially suspected defendant of being the driver. See State v. Epling
(1995), 105 Ohio App.3d 663, 665 (the driver of a vehicle has no reasonable expectation of privacy in a license plate). Once he discovered that the truck was registered to defendant, it was not improper for the officer to return to the parking lot. Knowing defendant was under suspension and knowing that defendant was driving, the officer properly stopped the truck. Defendant's assignment of error is overruled.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Akron Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ CLAIR E. DICKINSON
FOR THE COURT
QUILLIN, J., J.
REECE, J. CONCUR
[1] Although defendant has argued that his rights were violated under both the Fourth Amendment to the United States Constitution and Article I, Section 14, of the Ohio Constitution, the Ohio Supreme Court has held that the two provisions are coextensive and are to be, absent persuasive reasons, construed similarly. State v. Robinette (1997),80 Ohio St.3d 234, 239. Consequently, the disposition of the federal claim also disposes of the state claim.