DECISION.
Raising one assignment of error, plaintiff-appellant, the state of Ohio, appeals from the judgment of the trial court granting defendant-appellee Tony Stafford's motion to suppress evidence obtained from him as the result of a warrantless search and seizure.
The evidence presented at the suppression hearing established that on the evening of February 8, 2000, Officers Jeremy Howard and Donald Konicki were on routine patrol when they observed Stafford leaning into a car and talking to the occupants. As the officers approached, the car sped away, and Stafford walked across the street in front of the officers' police cruiser, apparently shielding something with his left hand. Officer Howard got out of the cruiser and asked if Stafford would speak with him. As Stafford turned around, Officer Howard observed an open beer can in Stafford's left hand. According to his testimony, Officer Howard, concerned for his own safety because Stafford was "fidgety" and moving his hands around his pocket, grabbed Stafford's left wrist in order to remove the beer can and, while doing so, told Stafford that he was under arrest. Stafford broke free of the officer's grip and ran away. After a short chase, Howard caught Stafford, arrested him and performed a search that resulted in the officer recovering fifty grams of crack cocaine, thirty grams of marijuana, and $149 in cash from Stafford's left pocket.
Stafford was indicted for possession of cocaine, in violation of R.C.2925.11(A), and preparation of cocaine for sale, in violation of R.C.2925.07(A). Following the hearing on his motion to suppress, the trial court found that the officers' "stop" of Stafford was unconstitutional because there was no reasonable suspicion to detain Stafford. In its timely appeal, the state now contends that the trial court erred in granting the motion. We agree.
When considering a ruling on a motion to suppress evidence, we are bound to accept the trial court's factual findings if they are supported by substantial and credible evidence, but we review the trial court's legal conclusions de novo to decide whether the appropriate constitutional requirements have been met.[1] An investigatory stop or detention of a person is lawful under the Fourth Amendment to the United States Constitution, as well as Section 14, Article I of the Ohio Constitution, where an officer has a reasonable, articulable suspicion that a person is or has recently been engaged in criminal activity.[2]
In Ohio, "the propriety of an investigative stop must be viewed in the light of the totality of the surrounding circumstances."[3]
After reviewing the record, we conclude that the initial encounter between the officers and Stafford was consensual, as Officer Howard approached Stafford in a public place and merely asked to speak with Stafford.[4] Thus, Stafford's Fourth Amendment rights were not violated at this time. Once Stafford willingly turned around to talk with the police and Officer Howard observed the open beer container, the officer had a reasonable suspicion that criminal activity was occurring, as it is a misdemeanor to carry an open flask in public pursuant to R.C.4301.62(B)(3). Thus, Officer Howard was justified in detaining Stafford to conduct an investigatory stop. Accordingly, as a matter of law, the trial court incorrectly found that the officers had unconstitutionally stopped Stafford.
Although the trial court incorrectly found that the stop of Stafford was unconstitutional because there was no reasonable suspicion to detain Stafford, the court also appeared to indicate that the "stop" may have been an arrest.[5] Recently, the Ohio Supreme Court held in State v.Jones[6] that a full custodial arrest for a minor misdemeanor is an unlawful arrest and that any search conducted incident to that arrest violates the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution. Thus, any evidence obtained by a search incident to such an arrest must be suppressed, in accordance with the exclusionary rule, as the fruit of a poisonous tree. Stafford argues that the fact that Officer Howard grabbed his wrist and stated "you're under arrest" amounted to an arrest, not a "stop". The state, on the other hand, asserts that Officer Howard's means of detaining Stafford went no further than a justifiable investigatory stop and did not constitute a full custodial arrest, because there was no intent by the officer to arrest Stafford.
A full custodial arrest is characterized by the following four elements: (1) an intent to arrest; (2) under real or pretended authority; (3) accompanied by actual or constructive seizure or detention; (4) which is so understood by the person arrested.[7]
Officer Howard testified that he never had the intent to arrest Stafford for an open-container violation, but merely wanted to issue a citation. Further, Officer Howard testified that he only told Stafford that he was "under arrest" because "it's the quickest way to let someone know that they are being temporarily detained, they do not have the right to leave." He also testified that he grabbed Stafford's wrist because Stafford was fidgety and the officer was concerned for his safety. Under the Fourth Amendment, an "arrest" and a "seizure" of a person are not always synonymous. A "seizure" of a person occurs as soon as an officer, by a show of force or authority, restrains another's liberty.[8] The fact that the officer here grabbed Stafford's wrist was not indicative of the officer's intent to arrest, as claimed by Stafford. It was merely indicative of an initial seizure. As noted above, the officer had a right to conduct an investigatory stop and, thus, to detain Stafford.
Stafford argues that Jones, because of its similar facts, is controlling authority in this case. The following facts in Jones gave rise to a full custodial arrest. After having observed Jones jaywalking, police officers stopped their cruiser and called out for Jones to approach them. Jones walked over to one officer, who then frisked him and told him that he was under arrest for jaywalking. A struggle ensued and the officer subdued Jones and placed him in the back of the police cruiser. Upon request, Jones provided his name and social-security number to the officer, who then verified the information. The police then informed Jones that he would have to post bond for jaywalking and drove him to the police station.
The facts of Jones are distinguishable from the instant case, as the actions of Officer Howard were not as intrusive as the officer's actions in Jones. Here, Officer Howard observed an open beer container in Stafford's hand. He grabbed Stafford's wrist, removed the beer can, and said that he was under arrest. The officer testified that he did not intend to arrest Stafford, but merely to issue a citation. Further, in light of the surrounding circumstances, the officer used no more force than necessary to effectuate the stop of Stafford.[9] The officer did not place Stafford in a police cruiser, did not handcuff him, and did not transport him to the police station in order to post bond for having an open beer container. Stafford was only arrested after he escaped from Officer Howard, at which point the officer had probable cause to arrest Stafford for obstructing official business,[10] and a search incident to that arrest then became permissible.
Because there was no arrest of Stafford for a minor misdemeanor, and because the officers had a reasonable, articulable suspicion for the initial stop, we conclude that the trial court erred in granting the motion to suppress.
Accordingly, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with the law and this decision.
 _________________ Hildebrandt, Judge.
 Winkler, J., concurs and Gorman, P.J., dissents.
[1] See State v. Guysinger (1993), 86 Ohio App.3d 592, 594,621 N.E.2d 726, 727; See Ornelas v. United States (1996), 517 U.S. 690,116 S.Ct. 1657.
[2] See Terry v. Ohio (1968), 392 U.S. 1, 19, 88 S.Ct. 1868; State v.Williams (1990), 51 Ohio St.3d 58, 60, 554 N.E.2d 108.
[3] See State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus, citing with approval State v. Freeman
(1980), 64 Ohio St.2d 291, 414 N.E.2d 1044, paragraph one of the syllabus.
[4] See State v. Smith (1989), 45 Ohio St.3d 255, 257, 544 N.E.2d 239,241, reversed on other grounds sub nom. Smith v. Ohio (1990), 494 U.S. 541,110 S.Ct. 1288.
[5] The trial court stated at the end of the suppression hearing, "I haven't read the case of State v. Jones but if its strong, and since the officers themselves admit that they did violate state law, perhaps the State would like to take this particular case and hide it away."
[6] (2000), 88 Ohio St.3d 430, 727 N.E.2d 886.
[7] State v. Darrah (1980), 64 Ohio St.2d 22, 26, 412 N.E.2d 1328,1330.
[8] Terry, 392 U.S. at 19, 88 S.Ct. at 1879.
[9] Though we do not believe that the phrase "you're under arrest," under the circumstances in this case, objectively evidenced an intent by the officer to arrest Stafford during the initial stop, we would admonish police officers, as a general rule, not to tell an individual that he or she is under arrest unless the officers intend to arrest the person at that time.
[10] See State v. Davis (Dec. 1, 2000), Hamilton App. No. C-000137, unreported.