## SMITH *v.* OHIO

No. 89–5999.   Decided March 5, 1990

PER CURIAM.

This case raises the single question whether a warrantless search that provides probable cause for an arrest can nonetheless be justified as an incident of that arrest.   A divided Ohio Supreme Court answered that question in the affirmative, reasoning that the search was neither remote in time nor place from the arrest.   We disagree.

On a June evening, as petitioner and a companion exited a private residence and entered the parking lot of a YMCA, they were approached by two plainclothes officers of the Ashland, Ohio, Police Department.   The officers were driving in an unmarked police vehicle.   Petitioner was carrying a

brown paper grocery bag with the words "Kash 'n Karry" and "Loaded with Low Prices" printed on the outside in a manner that the officers later described as "gingerly." Neither officer knew petitioner or his companion. One of the two officers, Officer Thomas, exited the vehicle and, without identifying himself, asked petitioner to "'come here a minute.'" 45 Ohio St. 3d 255, 256, 544 N. E. 2d 239, 240 (1989). Petitioner did not respond and kept walking. When Officer Thomas identified himself as a police officer, petitioner "threw the sack he was carrying onto the hood of [his] car and turned to face Thomas who was approaching." *Ibid.* Officer Thomas asked petitioner what the bag contained; petitioner did not respond; Officer Thomas then rebuffed petitioner's attempt to protect the bag, pushed petitioner's hand away, and opened the bag. The drug paraphernalia discovered within provided probable cause for the arrest and evidence sufficient to support petitioner's conviction for drug abuse.

No contention has been raised in this case that the officer's reaching for the bag involved a self-protective action necessary for the officer's safety. See *Terry* v. *Ohio*, 392 U. S. 1 (1968). Although the Fourth Amendment may permit a brief detention of property on the basis of only "reasonable, articulable suspicion" that it contains contraband or evidence of criminal activity, *United States* v. *Place*, 462 U. S. 696, 702 (1983), it proscribes —except in certain well-defined circumstances —the search of that property unless accomplished pursuant to judicial warrant issued upon probable cause. See, *e. g.*, *Skinner* v. *Railway Labor Executives' Assn.*, 489 U. S. 602, 619 (1989); *Mincey* v. *Arizona*, 437 U. S. 385, 390 (1978); *Katz* v. *United States*, 389 U. S. 347, 357 (1967). That guarantee protects alike the "traveler who carries a toothbrush and a few articles of clothing in a paper bag" and "the sophisticated executive with the locked attaché case." *United States* v. *Ross*, 456 U. S. 798, 822 (1982). The Ohio Supreme Court upheld the warrantless search of petition-

er's bag under the exception for searches incident to arrest. See *United States* v. *Chadwick*, 433 U. S. 1, 14–15 (1977); *Chimel* v. *California*, 395 U. S. 752, 763 (1969). The court stated that petitioner was not arrested until after the contraband was discovered in the search of the bag. 45 Ohio St. 3d, at 257, 258, 544 N. E. 2d, at 241, 242. It nonetheless held that the search was constitutional because its fruits justified the arrest that followed.

That reasoning, however, "justify[ing] the arrest by the search and at the same time . . . the search by the arrest," just "will not do." *Johnson* v. *United States*, 333 U. S. 10, 16–17 (1948). As we have had occasion in the past to observe, "[i]t is axiomatic that an incident search may not precede an arrest and serve as part of its justification." *Sibron* v. *New York*, 392 U. S. 40, 63 (1968); see also *Henry* v. *United States*, 361 U. S. 98, 102 (1959); *Rawlings* v. *Kentucky*, 448 U. S. 98, 111, n. 6 (1980). The exception for searches incident to arrest permits the police to search a lawfully arrested person and areas within his immediate control. Contrary to the Ohio Supreme Court's reasoning, it does not permit the police to search any citizen without a warrant or probable cause so long as an arrest immediately follows.

The State does not defend the reasoning of the Ohio Supreme Court, but rather contends that petitioner abandoned the bag when he threw it on his car and turned to face Officer Thomas. See *Abel* v. *United States*, 362 U. S. 217, 241 (1960); *Hester* v. *United States*, 265 U. S. 57, 58 (1924). That argument was unanimously rejected by the Ohio Supreme Court, 45 Ohio St. 3d, at 263, n. 6, 544 N. E. 2d, at 246, n. 6; *id.*, at 266, 544 N. E. 2d, at 249 (Sweeney, J., dissenting); *id.*, at 273–274, 544 N. E. 2d, at 255, n. 10 (Wright, J., dissenting), and we have no reason to disturb its conclusion. As the state court properly recognized, a citizen who attempts to protect his private property from inspection, after throwing it on a car to respond to a police officer's in-

quiry, clearly has not abandoned that property. Cf. *Rios* v. *United States*, 364 U. S. 253, 262, n. 6 (1960).

The motion for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted, and the judgment of the Supreme Court of Ohio is

*Reversed.*

JUSTICE MARSHALL, dissenting.

Although I agree that the limited information before us appears to indicate that the Ohio Supreme Court erred in its decision below, I continue to believe that summary dispositions deprive litigants of a fair opportunity to be heard on the merits and significantly increase the risk of an erroneous decision. See *Pennsylvania* v. *Bruder*, 488 U. S. 9, 11–12 (1988) (MARSHALL, J., dissenting); *Rhodes* v. *Stewart*, 488 U. S. 1, 4–5 (1988) (MARSHALL, J., dissenting); *Buchanan* v. *Stanships, Inc.*, 485 U. S. 265, 269–270 (1988) (MARSHALL, J., dissenting); *Commissioner* v. *McCoy*, 484 U. S. 3, 7–8 (1987) (MARSHALL, J., dissenting). I therefore dissent from the Court's decision today to reverse summarily the judgment below.