[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 102.]

THE STATE OF OHIO, APPELLEE, *v*. LYNDS, APPELLANT.

[Cite as *State v. Lynds*, 1994-Ohio-82.]

*Constitutional law—Search and seizure—Warrantless search of entire automobile permitted, when.*

(No. 93-402—Submitted February 23, 1994—Decided April 27, 1994.)

APPEAL from the Court of Appeals for Knox County, No. 92-CA-01.

———————————

*John W. Baker*, Knox County Prosecuting Attorney, and *Robert J. McClaren*, Assistant Prosecuting Attorney, for appellee.

*Christian D. Roland* and *Alan P. Gustafson*, for appellant.

———————————

{¶ 1} The judgment of the court of appeals is affirmed on authority of *Carroll v. United States* (1925), 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, and *United States v. Ross* (1982), 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572.

MOYER, C.J., DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

A.W. SWEENEY and WRIGHT, JJ., dissent with opinion.

PFEIFER, J., dissents.

———————————

**WRIGHT, J., dissenting.**

{¶ 2} The majority's citation of *Carroll v. United States* (1925), 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, in its journal entry affirming this case is puzzling at best. In *Carroll*, the United States Supreme Court held that a warrantless search of an automobile may be conducted under circumstances that would not justify the search of a home or place of business, provided there is probable cause to believe that the automobile contains items that the authorities are entitled to seize. The *Carroll* decision explores the development of the Fourth Amendment from the time

of its adoption and is an interesting and worthwhile discussion of the differences involved in the criteria necessary for the search of a citizen's home or place of business and the criteria necessary for the search of the interior of an automobile. Nowhere in *Carroll*, however, can one find support for the proposition that a search without a warrant is anything other than per se unreasonable, absent some recognized exception to this bulwark of Fourth Amendment jurisprudence. In my view, the salient facts in this case do not give rise to probable cause under *Carroll* and do not fall within any of the well-recognized exceptions to the warrants clause, particularly the inventory exception espoused by the officers present at the time of the search.

{¶ 3} The undisputed, sworn testimony of the officer making the initial stop and the two later searches of the automobile establishes the following facts:

1. Officer Kimberly Lemley approached Lynds's parked automobile, ordered him out, and searched him based on nothing other than the officer's subjective suspicion. The officer then secured Lynds in her patrol car to, as she testified, "complete the investigation."

2. Still based on subjective suspicion, Officer Lemley completed an initial search of the car's interior which yielded nothing that would justify an arrest of Lynds. In fact, during oral argument the state conceded that the police officer conducting the search called the prosecutor for advice and was told not to arrest Lynds after the initial stop, implying that a search of the interior of the car would not be justified at that time.

3. Undaunted by this advice, the police officer continued, without either a warrant or consent from Lynds, to conduct what the officer characterized under oath as an "inventory search." In the course of this further search the officer took Lynds's keys and opened the trunk of his automobile and discovered items that later proved to be stolen goods. When asked under oath why she opened the trunk, Officer Lemley replied: "We found items that we believed to be stolen and we were

2

going to have the vehicle impounded. We did an inventory search, also." Yet just minutes later, on cross-examination, Officer Lemley testified that the reason she confined Lynds in her police cruiser prior to searching the car was "to complete the investigation."

4. Officer Lemley testified that Lynds protested against the search from beginning to end, insisting that his girlfriend be allowed to take the car.

{¶ 4} As stated above, the rule of *Carroll* is totally out of sync with the facts of the case before us. Based on the response Officer Lemley received from her request for legal advice, the officers clearly no longer had "reasonable cause *** for belief that the contents of the automobile offend against the law." *Carroll* at 158-159, 45 S.Ct. at 287, 69 L.Ed. at 554. Hence, without probable cause, *Carroll v. United States* is inapposite to the facts of this case.

{¶ 5} I think it interesting that the search in *Carroll* took place at a time when Warren Harding was President of the United States, Earl Warren had not yet become district attorney, and the genesis of Fourth Amendment jurisprudence with respect to the states was forty years in the future. See *Mapp v. Ohio* (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. It was not until fifty years after *Carroll* that the court developed the inventory search exception, designed to protect police officers from suits charging pilfering. See *South Dakota v. Opperman* (1976), 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000. In *South Dakota v. Opperman*, *supra*, the United States Supreme Court upheld the validity of an inventory search of an automobile after the automobile was towed to the city's impound lot for being illegally parked overnight in a restricted zone. The search was carried out using a standard inventory form and pursuant to standard police procedures. Probable cause was found to be unnecessary. The court emphasized, however, that it deemed the inventory search reasonable because the "police were indisputably engaged in a caretaking search of a lawfully impounded automobile *** only after the car had been impounded for multiple parking violations." *Id.* at 375, 96 S.Ct. at 3100, 49

L.Ed.2d at 1009. In addition, the court noted that the "inventory itself was prompted by the presence in plain view of a number of valuables inside the car" and that the owner "was not present to make other arrangements for the safekeeping of his belongings." *Id.* at 375-376, 96 S.Ct. at 3100, 49 L.Ed.2d at 1009. Based on this set of criteria, *nothing* in the facts of the case before us could permit one to reasonably conclude that what Officer Lemley conducted was a lawful inventory search.

**{¶ 6}** In truth, the only real justification for the search of Lynds's locked trunk is that an enterprising officer discovered stolen goods there as a result of that search. The danger of adopting such a criterion is evident. Justifying the search on the basis of what is found "just 'will not do.'" *Smith v. Ohio* (1990), 494 U.S. 541, 543, 110 S.Ct. 1288, 1290, 108 L.Ed.2d 464, 467, summarily reversing *State v. Smith* (1989), 45 Ohio St.3d 255, 544 N.E.2d 239.

**{¶ 7}** For the reasons aforesaid, I respectfully dissent.

A.W. SWEENEY, J., concurs in the foregoing dissenting opinion.

————————————