139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Robin F. SUDDUTH, Defendant-Appellant.
 No. 97-30080.
 United States Court of Appeals, Ninth Circuit.
 Feb. 18, 1998.
 
 1
 Appeal from the United States District Court for the Western District of Washington Thomas Zilly, District Judge, Presiding Submitted February 5, 1998 Pasadena, California.**
 
 
 2
 Before BROWNING and O'SCANNLAIN, Circuit Judges, and MARQUEZ,*** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Sudduth appeals his conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(a) and 21 U.S.C. § 846 and for possession of more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2, following his not guilty pleas. He contends that no probable cause existed for his warrantless arrest or for the issuance of a search warrant for his house, and that insertion of his key into the front door of another suspect's house constituted an unreasonable search. He further asserts that the Government's failure to produce discovery materials and its comments in closing argument precluded him from receiving a fair trial. We affirm.
 
 
 5
 The facts underlying this action are known to the parties and we shall not repeat them here.
 
 
 6
 Probable cause existed for Sudduth's warrantless arrest because Jerry Travis, in whose house Sudduth stored drugs, gave police very specific information about Sudduth's operations, made a statement against his own penal interest, and was not an anonymous informant. Travis's knowledge of Sudduth's pager number and Sudduth's immediate response to Travis's page are corroborating details, as is Travis's correct identification of the make of Sudduth's car. The totality of circumstances supported the warrantless arrest. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317 (1983).
 
 
 7
 The magistrate properly issued a search warrant for Sudduth's house. Probable cause followed upon his arrest; evidence is likely to be found where drug dealers live. United States v. Angulo-Lopez, 791 F.2d 1394 (9th Cir.1986).
 
 
 8
 The insertion of Sudduth's key into the front door of Travis's house without a warrant was not an unreasonable search. Sudduth had been lawfully arrested, so the police could seize the effects on his person. Smith v. Ohio, 494 U.S. 541, 542, 110 S.Ct. 1288 (1990). Furthermore, insertion of the key had no other effect than to establish that Sudduth had access to Travis's house, which had already been searched. In any event, any intrusion on the defendant's privacy and property interests was minimal when weighed against law enforcement interests. United States v. Place, 462 U.S. 696, 103 S.Ct. 2637 (1983).
 
 
 9
 Disclosures about government witness Medley's mental illness and government witness Ford's involvement in a bank robbery were made when they were of value to the accused, as is evidenced by Sudduth's attorney's skillful use of the information on cross-examination for impeachment purposes. Consequently, the initial nondisclosure did not constitute a Brady violation. United States v. Gordon, 844 F.2d 1397, 1403 (9th Cir.1988).
 
 
 10
 Sudduth's allegation that the Government failed to disclose its "inducement"--a decision to defer detention--to cooperating witnesses is unsupported by the record. Even if the claimed inducement existed, it is unlikely that a jury would view the cooperating witnesses' testimony in an entirely new light simply because their detention was deferred.
 
 
 11
 Viewed in the context of the entire trial, the prosecutor's comments in closing argument did not prejudice the defendant. He immediately corrected his misstatement, United States v. Parker, 549 F.2d 1217, 1222 (9th Cir.1977), and jury instructions further limited any damage done by the comments, United States v. Endicott, 803 F.2d 506, 513 (9th Cir.1986).
 
 
 12
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a); Ninth Circuit R. 34-4(c)
 
 
 **
 * The Honorable Alfredo C. Marquez, United States District Judge for the District of Arizona, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3