**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 13 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLAUDE MILES, also known as
Sonny Miles,

      Petitioner-Appellant,

v.

RONALD J. CHAMPION,

      Respondent-Appellee.

No. 99-5037
(N. District of Oklahoma)
(D.C. No. 96-CV-167-E)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The court

therefore orders the case submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claude "Sonny" Miles, proceeding *pro se*, seeks a certificate of probable cause so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. [1] *See* 28 U.S.C. § 2253 (1994) (providing that an appeal may not be taken from the denial of a pre-AEDPA § 2254 habeas petition unless the petitioner first obtains a certificate of probable cause). Because Miles has failed to make a "substantial showing of the denial of [a] federal right," this court **DENIES** Miles a certificate of probable cause and **DISMISSES** this appeal. *See Barefoot v. Estelle*, 463 U.S. 880, 893 (1983).

On January 29, 1991, Miles was charged in an information with one count of unlawful possession of a controlled drug with intent to distribute ("Count I"), one count of knowingly concealing stolen property ("Count II"), and one count of unlawful possession of marijuana with intent to distribute ("Count III"). A jury found Miles guilty on all three counts contained in the information. He was sentenced to life imprisonment on Count I and Count III and five years

---

[1]Although his application purports to seek a certificate of appealability, at the time Miles filed his § 2254 habeas petition on March 1, 1996, the Antiterriorism and Effective Death Penalty Act of 1996 ("AEDPA") had not yet been enacted and its provisions, therefore, do not apply. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Therefore, Miles does not need a certificate of appealability to proceed. *See Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). To appeal the denial of his pre-AEDPA habeas petition, however, Miles must obtain a certificate of probable cause under former 28 U.S.C. § 2253. *See id*. at 1316 n.1. Consequently, we construe Miles' application as an Application for a Certificate of Probable Cause.

imprisonment on Count II. Miles challenged his conviction and sentence by filing a timely appeal with the Oklahoma Court of Criminal Appeals (the "OCCA"). The judgment and sentence were affirmed by the OCCA in a summary opinion dated December 23, 1994. Miles then filed an application for post-conviction relief with the state district court. The state district court denied post-conviction relief and Miles appealed by filing a Petition in Error with the OCCA. The OCCA affirmed the denial of post-conviction relief on February 8, 1996.

Miles filed the instant § 2254 Petition for Writ of Habeas Corpus (the "habeas petition") with the United States District Court for the Northern District of Oklahoma on March 1, 1996. In the habeas petition, Miles raised six grounds for relief: (1) that his due process rights were violated because of the ineffective assistance he received from his appellate counsel, (2) that he was denied the opportunity for rehearing by the OCCA as a direct result of the ineffective assistance he received from his appellate counsel, (3) that his due process rights were violated when the OCCA issued a summary opinion dismissing his application for post-conviction relief, (4) that the OCCA's ruling was contrary to law, (5) that he was denied a fair trial as a result of prosecutorial misconduct, and (6) that the sentence imposed exceeded that permissible by law.

The district court addressed each of the six issues raised in Miles' habeas petition. The district court concluded Miles was procedurally barred from

bringing two of his claims, the procedural misconduct and excessive sentence claims, because they had not been brought before the OCCA on direct appeal. The district court concluded that as to these two claims, Miles had failed to show cause and prejudice for the default or demonstrate that a fundamental miscarriage of justice would result if his claims were not considered. *See Coleman v. Thompson*, 501 U.S. 722, 724 (1991). The district court also concluded Miles' remaining four claims were without merit. Specifically, the court found that the performance of Miles' appellate attorney did not fall below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 669 (1984). Further, the district court concluded Miles' argument that the issuance of a summary opinion by the OCCA violated his due process rights lacked merit. [2] Miles' final claim was based on his assertion that he was convicted based on evidence obtained in violation of his Fourth and Fourteenth Amendment right to be free of unreasonable searches and seizure. The district court concluded that Miles had a full and fair opportunity to litigate this issue in state court and, therefore, the claim was not cognizable in a federal habeas corpus proceeding. *See Stone v. Powell*, 428 U.S. 465, 494 (1976). Consequently, the district court dismissed Miles' habeas petition.

---

[2] In support of this argument, Miles relied on the dissenting opinion of Justice Marshall in *Smith v. Ohio*, 494 U.S. 541, 544 (1990).

Miles filed an Application for Certificate of Probable Cause to appeal the federal district court's denial of his habeas petition. The district court denied the request and Miles appealed that denial to this court.

Miles is not entitled to receive a certificate of probable cause unless he can make "a substantial showing of the denial of [a] federal right." *Barefoot*, 463 U.S. at 893. Miles can make such a showing by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See id*. at 893 n. 4. Upon *de novo* review of Miles' Application for Certificate of Probable Cause and Brief, the district court's Order, and the entire record on appeal, this court concludes the district court's resolution of Miles' claims is not reasonably debatable, subject to a different resolution on appeal, or deserving of further proceedings. *See id*. Consequently, Miles has not made a substantial showing of the denial of a federal right and is not entitled to a certificate of probable cause. Accordingly, Miles' Application for a Certificate of Probable Cause is **DENIED**

for substantially those reasons set out in the district court's Order dated February 2, 1999, and the appeal is therefore **DISMISSED** .

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge