OPINION
Defendant, John C. Huelsman, Jr., appeals from his conviction and sentence for aggravated possession of drugs, which was entered on his plea of no contest after the trial court overruled Huelsman's motion to suppress evidence.
On June 11, 1998, an Ohio Highway Patrol Trooper stopped a vehicle in which Defendant was riding as a passenger for a traffic violation. When the trooper approached that vehicle he smelled burnt marijuana. The driver admitted that he had been smoking marijuana and that he yet had some marijuana on his person upon being asked. The trooper then gave all three occupants of the vehicle Miranda warnings. After being advised of his rights and indicating that he understood his rights, Defendant admitted that he also had marijuana on his person. A subsequent search of Defendant's person yielded marijuana, Vicodin and Psilocyn., Defendant was indicted on one count of aggravated possession of drugs in violation of R.C. 2925.11. Subsequently, Defendant filed a motion to suppress both the statements he made to police and the drugs recovered from his person. The trial court overruled Defendant's motion to suppress. Defendant entered a no contest plea to the pending charge, was found guilty, and was sentenced to two years of community control sanctions by the trial court., Defendant has now timely appealed to this court from his conviction and sentence.
 FIRST ASSIGNMENT OF ERROR THE COURT ERRED IN FAILING TO ORDER SUPPRESSION OF EVIDENCE BASED UPON VIOLATIONS OF APPELLANT'S RIGHTS PURSUANT TO THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS 10 AND 14, OF THE OHIO CONSTITUTION.,
Defendant-Appellant argues that the trial court erred when it failed to suppress evidence of the incriminating statements he made upon being asked whether he had marijuana, because the record fails to reveal that he had waived his Miranda rights. PerMiranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694, statements that an accused makes during custodial interrogation must be suppressed unless preceded by the warnings prescribed. "After such warnings have been given, . . . the individual may knowingly and intelligently waive these rights and agree to answer questions or make a statement." Id. At 478-79.
It is undisputed that the warnings prescribed by Miranda were administered to the group of passengers in the vehicle in which Defendant-Appellant sat, and that he stated that he understood the warnings that were given. The issue presented is whether his failure to expressly state that he waived the rights involved required the trial court to suppress the incriminating statements that he made in response to the trooper's interrogation.
This court has held that where the record demonstrates that a prisoner or detainee hears Miranda warnings, indicates an understanding of the rights involved, and thereafter chooses to make incriminating statements, a court deciding a motion to suppress alleging a Miranda violation may reasonably find that the subject implicitly waived his Miranda rights, State v. Vance (June 27, 1997), Clark App. No. 96-CA-84, unreported. That form of implicit waiver is demonstrated here. Therefore the trial court did not err when it overruled Defendant-Appellant's motion to suppress.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE COURT ERRED IN REFUSING TO SUPPRESS EVIDENCE GAINED FROM AN ILLEGAL SEARCH IN VIOLATION OF APPELLANT'S RIGHTS PURSUANT TO THE UNITED STATES AND OHIO CONSTITUTIONS.
Warrantless searches are per se unreasonable under theFourth Amendment, subject to only a few well recognized exceptions. Katzv. United States (1967), 389 U.S. 347. One such exception is a search incident to a lawful arrest. United States v. Robinson
(1973), 414 U.S. 218; Draper v. United States (1959),358 U.S. 307. A warrantless arrest is lawful when the arresting officer has probable cause to make the arrest, that is, has reasonable grounds to believe that a felony offense has been committed.State v. Timson (1974), 38 Ohio St.2d 122., Defendant was not placed under arrest until after he was searched and marijuana, Vicodin and Psilocyn were recovered from his person. Defendant argues that the search of his person which occurred in this instance was not a valid search incident to arrest because the search that yielded the probable cause preceded his arrest.
The trooper had probable cause to arrest Defendant for drug possession when Defendant, after having been advised of his Miranda rights, admitted to the trooper that he had marijuana on his person. The trooper was then authorized to search Defendant's person incident to that lawful arrest.
In Rawlings v. Kentucky (1980), 448 U.S. 98, the United States Supreme Court observed that where a formal arrest follows quickly on the heels of the search of Defendant's person, it does not matter that the search preceded the arrest so long as the fruits of the search are not necessary to support the probable cause to arrest. The existence of probable cause to arrest prior
to the search distinguishes a subsequent valid search incident to arrest from an invalid one in which the arrest is dependent upon and "incident to" the prior search. See Smith v. Ohio (1990),494 U.S. 541.
In this case the formal arrest of Defendant occurred immediately after the search of his person. That search uncovered a number of different illegal substances, including Psilocyn, which forms the basis for the instant charge. However, what police found during the search was not essential to support the probable cause to arrest Defendant. Probable cause to arrest Defendant arises from Defendant's admission to Trooper Butler that he had marijuana on his person, which occurred before the search of Defendant's person took place. Accordingly, the warrantless search of Defendant in this case was a valid search incident to arrest and reasonable for Fourth Amendment purposes.
This assignment of error is overruled.
 Conclusion
Having overruled the assignments of error presented, we will affirm the judgment from which this appeal is taken.
WOLFF, J. and KOEHLER, J., concur.
(Hon. Richard Norman Koehler, Retired from the Court of Appeals, Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)
Copies mailed to:
Robert K. Hendrix, Esq.
J. David Turner, Esq.
Hon. Thomas M. Rose