OPINION
{¶ 1} Defendant, David Crowder, appeals from his conviction and sentence for possessing crack cocaine.
{¶ 2} Defendant was indicted for possessing one gram or less of crack cocaine. R.C. 2925.11(A). Defendant filed a motion to suppress the evidence. Following a hearing, the trial court overruled Defendant's motion to suppress. This matter proceeded to a jury trial, which resulted in a verdict of guilty. The trial court sentenced Defendant to ten months imprisonment.
{¶ 3} Defendant has timely appealed to this court from his conviction and sentence. He presents one assignment of error, challenging the trial court's order denying his motion to suppress the evidence.
ASSIGNMENT OF ERROR
{¶ 4} "THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTIONTO SUPPRESS WHEN THE POLICE SEIZED DEFENDANT IN VIOLATING OF HIS FOURTHAMENDMENT RIGHTS."
 {¶ 5} The only witness to testify at the suppression hearing wasDayton police officer Edmund Trick. He testified that he worked roadpatrol in Dayton's central business district for eight years.
 {¶ 6} On April 17, 2001, while on routine patrol, Officer Trickobserved Defendant and an unknown man standing on the corner of Fifth andWilkinson Streets, in front of the apartment building located at 211 S.Wilkinson. For the past two or three months a security guard at thatapartment building, Eugene Karnes, had supplied Officer Trick withinformation about drug transactions involving Defendant that had occurredboth inside and outside the building. Officer Trick had used Mr. Karnesas an informant in the past, and his information had led to arrests.
 {¶ 7} On this occasion, as Officer Trick approached the apartmentbuilding in his marked police cruiser, he observed that the man with theDefendant had a five dollar bill in his hand. Defendant held a whiteobject in his hand. Officer Trick was then approximately twenty feet awayand was using his cruiser's spotlight for illumination. Based upon hisexperience as a police officer, Officer Trick believed he had come upon adrug transaction in progress. When the two men spotted Officer Trick theylooked shocked. The unknown man dropped his five dollar bill on theground. Defendant stuck the white object he was holding in the waistbandof his pants, behind his back. This conduct reaffirmed Officer Trick'ssuspicion that he had come upon a drug transaction.
 {¶ 8} Officer Trick decided to arrest Defendant based upon what heobserved. Officer Trick then exited his police cruiser and askedDefendant what he had hidden in his pants. Defendant immediately beganwalking away. Meanwhile, the unknown man picked up his five dollar bill,jumped on his bicycle, and fled. Officer Trick physically restrainedDefendant and removed two suspected rocks of crack cocaine from thewaistband area of Defendant's pants. With assistance from anothersecurity guard at the apartment building, Officer Trick handcuffed theresisting Defendant and informed him he was under arrest for possessionof drugs.
 {¶ 9} In overruling Defendant's motion to suppress the cocainerecovered from his person by police, the trial court made these findingsof fact and law:
 {¶ 10} "That there was information about the Defendant perhapsbeing involved in drug transactions. The officer observed an apparentexchange about to take place of money for an object that probably wascontraband. The officer observed a white object in the hand of theDefendant.
 {¶ 11} "Furthermore, upon the officer observing the twoindividuals, there were movements which would indicate that something ofa criminal nature was confirmed by that action; meaning the dropping ofthe five dollars and also the — the flight of the other it —unidentified subject and also the hiding of the object, meaning the whiteobject, by the Defendant.
 {¶ 12} "In short, I believe that the officer had probable cause tobelieve that he had observed a drug transaction in progress and becauseof that probable cause, he had probable cause to arrest the Defendant andthe search incident to that arrest resulted in the object that wasretained." (Supp.H. Tr. at 22.
 {¶ 13} Defendant argues that his Fourth Amendment rights wereviolated by the seizure and search of his person that occurred in thiscase. We disagree.
 {¶ 14} A warrantless arrest is constitutional if it is supportedby probable cause. State v. Jones (1996), 112 Ohio App.3d 206. Whetherprobable cause exists is determined from the totality of the facts andcircumstances. State v. Hill (October 26, 2001), Montgomery App. No.18569, 2001-Ohio-1649. The question is whether, at the moment the arrestwas made, the facts and circumstances within the arresting officer'sknowledge, or of which the officer had reasonably trustworthyinformation, were sufficient to warrant a prudent person in believingthat the suspect had committed or was committing a criminal offense.Jones, supra; Beck v. Ohio (1964), 379 U.S. 89, 85 S.Ct. 223.
 {¶ 15} The right of police officers to conduct a full search of anarrestee's person incident to a lawful arrest is a well recognizedexception to the Fourth Amendment's warrant requirement. Chimel v.California (1969), 395 U.S. 752, 89 S.Ct. 2034; United States v.Robinson (1973), 414 U.S. 218, 94 S.Ct. 467; State v. Jones, supra. Thearrest need not precede the search so long as the fruits of that searchare not used to establish probable cause for the arrest. Rawlings v.Kentucky (1980), 448 U.S. 98, 100 S.Ct. 2556; Smith v. Ohio (1990),494 U.S. 541, 110 S.Ct. 1288; 108 L.Ed.2d 464; Jones, supra.
{¶ 16} At the time Officer Trick restrained Defendant by use of physical force, intending to place him under arrest, Officer Trick had sufficient probable cause to arrest him. Officer Trick then had information from a reliable informant about Defendant's involvement in drug activity for the past two or three months at that same location. Additionally, Officer Trick observed what he understood from his experience as a police officer was a drug transaction in progress. Defendant's conduct in attempting to conceal the contraband when he saw Officer Trick reaffirmed that Officer Trick had interrupted a drug transaction. After seeing Officer Trick, the unknown man immediately fled. Defendant attempted to do the same.
{¶ 17} The totality of these facts and circumstances are sufficient to warrant a prudent man in believing that Defendant was committing a drug offense. Thus, Officer Trick had probable cause to arrest Defendant even before he retrieved the two pieces of crack cocaine from the waistband area of Defendant's pants. Moreover, it matters not that Officer Trick searched Defendant and discovered this contraband before actually telling Defendant that he was under arrest. The contraband Officer Trick discovered was not necessary to establish probable cause for Defendant's arrest. That probable cause existed before the search of Defendant's person took place.
{¶ 18} The arrest of Defendant was supported by probable cause and was lawful. The search of his person incident to that lawful arrest did not violate Defendant's Fourth Amendment rights.
{¶ 19} The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and FAIN, J., concur.