BYE, Circuit Judge,
dissenting in part and concurring in the result.
Although I agree with the result in this case, I write separately to express my disagreement with the Court’s analysis of the denial of the moiion to suppress in Section II.
*827 The law enforcement officers did not have probable cause to arrest Davis for a narcotics violation at the time he was placed in handcuffs because the officers had not yet uncovered the crack cocaine concealed in Davis’s buttocks at that time. As a consequence, the subsequent search which disclosed the drugs cannot be justified on the grounds it was a search incident to a lawful arrest. The fruits of a search cannot be used as the basis for an arrest, which in turn is used to justify a search incident to arrest. See Smith v. Ohio, 494 U.S. 541, 543, 110 S.Ct. 1288, 108 L.Ed.2d 464 (1990) (“[Justifying the arrest by the search and at the same time the search by the arrest just will not do.”) (internal citations and quotations omitted); see also Rawlings v. Kentucky, 448 U.S. 98, 111 n. 6, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980) (indicating the fruits of a search must not be the basis for the probable cause for a simultaneous arrest). The Court’s analysis simply cannot be reconciled with the Supreme Court’s Fourth Amendment jurisprudence.
Furthermore, the Court’s analysis blurs the important distinction between probable cause to arrest and probable cause to search. See generally W. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 3.1(b) (4th ed.2004) (discussing the distinction). A warrantless search (outside the context of a search incident to a lawful arrest) generally requires both probable cause and exigent circumstances. Kleinholz v. United States, 339 F.3d 674, 676 (8th Cir.2003). By implicitly equating probable cause to arrest with probable cause to search, the Court essentially eviscerates the exigent circumstances requirement for a warrant-less search. Under the Court’s analysis, law enforcement officers will have no incentive to obtain a warrant for a search— even when there are no exigent circumstances — they will simply place a suspect under arrest and then conduct a search incident to arrest.
Although I do not agree with the Court’s analysis of the denial of the motion to suppress, I nonetheless concur in the result because I believe the warrantless seizure of the crack cocaine found in Davis’s buttocks was permissible under the “plain touch” or “plain feel” doctrine, which is simply an extension of the “plain view” doctrine to a pat-down search:
If a police officer lawfully pats down a suspect’s outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect’s privacy beyond that already authorized by the officer’s search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.
United States v. Bustos-Torres, 396 F.3d 935, 944 (8th Cir.2005) (quoting Minnesota v. Dickerson, 508 U.S. 366, 375-76, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993)). I believe the contour, mass, and location of the rock-like object Officer Rieck felt when he conducted the pat-down search on Davis, coupled with his past experience and knowledge of people hiding drugs in the their buttocks, as well as the suspicious behavior he observed when Davis was in the back seat of the vehicle, together were enough to make the contraband’s incriminating character immediately apparent to Officer Rieck and to justify its warrantless seizure during the pat-down search. If Officer Rieck was justified in immediately seizing the contraband during the pat-down search, I see no reason why he was not also justified in seizing it during the subsequent search which occurred at the police assembly building.
*828 I therefore concur in the result in this case.