**The STATE of Ohio, Appellant,**

**v.**

**EPPINGER, Appellee.**

[Cite as *State v. Eppinger* (1991), 74 Ohio App.3d 503.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60980.

Decided June 10, 1991.

*Stephanie Tubbs Jones,* Prosecuting Attorney, and *Donald Robinson,* Assistant Prosecuting Attorney, for appellant.

*Hyman Friedman,* County Public Defender, and *Beverly J. Pyle,* Assistant Public Defender, for appellee.

*Per Curiam.*

Pursuant to Crim.R. 12(J), appellant, state of Ohio, appeals from the decision of the trial court which granted appellee Malcolm Eppinger's motion to suppress. The state maintains that the investigatory stop and subsequent patdown of Eppinger by Detective Popovich was justified under the guidelines of *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, and its progeny.

■ The Supreme Court in *Terry v. Ohio* made clear that an officer may make an investigatory stop when he has a reasonable suspicion that criminal activity is imminent. *Id.* at 22, 88 S.Ct. at 1880, 20 L.Ed.2d at 906–907. The stop, however, must be reasonable at the inception and based upon specific and articulable facts that encompass the totality of the surrounding circumstances. *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489; *State v. Freeman* (1980), 64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E.2d 1044.

■ In the case *sub judice,* the state failed to provide evidence to support the stop and search of Eppinger by Detective Popovich. The state's sole witness at the suppression hearing was Popovich. He testified that he and several other officers were present in the area of Harry Davis School, near East 107th and Orville, on April 25, 1990 as a result of complaints received about drug sales at this location. At approximately 7:20 p.m., Eppinger was observed with several other males standing in the school yard, and "appeared to be making some kind of an exchange." Eppinger ran toward Churchill Avenue when he saw the officers exit their vehicle but turned back when he saw other officers approaching from Churchill Avenue. Detective Popovich testified that Eppinger had his left hand in his rear pocket when he finally stopped in response to the officers' freeze command. After the removal of his

hand from his pocket, Eppinger was placed up against the school building and patted down for the officers' protection. Detective Popovich admitted that he knew a weapon was not in Eppinger's pocket after the patdown because of the smallness of the object, but Detective Popovich proceeded to remove the object. The object was three pieces of suspected crack cocaine wrapped in newspaper. The pieces were later positively identified as cocaine.

The facts of this case do not support the state's allegation that reasonable suspicion existed to warrant the investigatory stop of Eppinger. See *State v. Hewston* (Aug. 2, 1990), Cuyahoga App. No. 59095, unreported, 1990 WL 109183. Eppinger's conduct, as observed by the officers, did not amount to suspicious criminal activity. *Id.*

██ Furthermore, assuming *arguendo* that the investigatory stop was proper, the search of Eppinger's person surpassed that allowed by *Terry*. Such a search is limited in that there must be a reasonable suspicion that the person is armed. *State v. Williams* (1990), 51 Ohio St.3d 58, 61, 554 N.E.2d 108, 111, quoting *United States v. Smith* (C.A.6, 1978), 574 F.2d 882, 885; the search is "limited in scope to this protective purpose." *Adams v. Williams* (1972), 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612, 617. Any protective purpose of the search of Eppinger was dispelled when Detective Popovich knew that the object was too small to be a weapon but thought it could be crack cocaine. The discovery of contraband following an unlawful search does not justify the intrusion or the subsequent arrest. See *Smith v. Ohio* (1990), 494 U.S. 541, 110 S.Ct. 1288, 108 L.Ed.2d 464, summarily reversing *State v. Smith* (1990), 45 Ohio St.3d 255, 544 N.E.2d 239.

*Judgment affirmed.*

FRANCIS E. SWEENEY, P.J., BLACKMON and HARPER, JJ., concur.