The STATE of Ohio, Appellant,

v.

**CARTLEDGE, Appellee.**

[Cite as *State v. Cartledge* (1991), 76 Ohio App.3d 145.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61554.

Decided Oct. 28, 1991.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Kevin Spellacy,* Assistant Prosecuting Attorney, for appellant.

*Edward J. Galaska,* for appellee.

*Per Curiam.*

Plaintiff-appellant, the state of Ohio, appeals the trial court's granting of defendant-appellee Maurice Cartledge's motion to suppress evidence. The transcript of the suppression hearing reveals the following:

On September 21, 1990, Renaldo Ortiz, a Cleveland police officer, was on routine patrol at approximately 2:00 a.m. While on patrol he observed the defendant revving the motor of an automobile on Parkview and East 97th Street. The automobile was emitting excessive smoke and also had an expired thirty-day tag. The squad car approached the vehicle from the rear and pulled up alongside it. The defendant exited the vehicle. Officer Ortiz asked the defendant for his license and informed him that he was going to issue two citations, one for emitting excessive smoke and the other for the expired thirty-day license tag. At this point the appellant became disgruntled and belligerent. Officer Ortiz informed defendant that they were going to place him in the back of the squad car until the citations were written. Prior to placing the defendant in the rear of the police car, a pat-down search was conducted for the safety of the officers. As Ortiz reached the defendant's

right front pocket he felt a hard object and proceeded to ask defendant what it was. When the defendant did not answer, Ortiz reached into the defendant's pocket and pulled out a pill vial. The vial was described as a clear glass or plastic vial which contained four suspected rocks of cocaine. The defendant was then placed under arrest for violation of the drug law.

The state's first assignment of error alleges:

"The trial court erred in suppressing the evidence and concluding that the scope of the search exceeded the scope of a proper *Terry*-type search. *Terry v. Ohio,* 392 U.S. 1 [88 S.Ct. 1868], 20 L.Ed.2d 889 (1968)."

 A police officer may conduct a limited pat-down search for weapons of a person who has been legally stopped if the officer reasonably fears for his safety. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. However, since the sole justification of the search is the protection of the police officer and others nearby, it must be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs or other hidden instruments for the assault of the police officer. *Id.* at 29, 88 S.Ct. at 1884, 20 L.Ed.2d at 911. Evidence discovered as a result of a search which was not reasonably related in scope to the justification for its initiation cannot be introduced as evidence. *Id.*

 In the instant case the defendant was legally stopped for the purpose of issuing a citation. Furthermore, we find that the police acted properly in conducting a protective search of the defendant.

Officer Ortiz and his partner were on routine patrol, late at night, in a high crime area. They approached the defendant with the intent of issuing two citations for excessive exhaust and expired license tags. When defendant was informed that he was being issued two citations he became disgruntled and belligerent. At this point it became prudent for the officers to place the defendant in the back of their squad car while the two citations were issued. Prior to placing the visibly aroused defendant in the back of the squad car, Ortiz justifiably conducted a pat-down search of the defendant. The pat-down search revealed the presence of a hard object in defendant's right front pocket. After the defendant refused to inform Ortiz what was contained in his pocket, the officer reached in and pulled out a clear pill vial.

 Once the police realized that the object was a pill vial and not a weapon, any legitimate concern for their safety was dispelled. *State v. Chambers* (Jan. 27, 1983), Cuyahoga App. No. 45058, unreported, 1983 WL 5717. See, also, *State v. Hinerman* (Apr. 10, 1986), Cuyahoga App. No. 50353, unreported, 1986 WL 4397; *State v. Eppinger* (1991), 74 Ohio App.3d

503, 599 N.E.2d 709. Moreover, a pat-down search for weapons is not to be used as a means to discover evidence or contraband. *Terry, supra.*

Thus, we find the search of the defendant exceeded the justifiable limits of a protective search. Accordingly, the trial court's suppression of evidence is affirmed.

The state's second assignment of error alleges:

"The trial court erred in allowing appellee to proceed with an untimely filed motion to suppress."

The state argues it was prejudiced by the defendant's failure to give timely notice of the specific legal and factual grounds upon which the validity of the search was being challenged.

■ When a defendant brings a motion to suppress evidence, the prosecution must be given notice of the specific legal and factual grounds upon which the validity of the search and seizure is questioned. *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 219, 524 N.E.2d 889, 892. However, failure to object to an unsupported and defective motion will result in waiver of that defect. *Id.* at 221, 524 N.E.2d at 894. See, also, *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364.

On February 21, 1991, defendant filed a motion to suppress, alleging violations of his Fourth, Fifth and Fourteenth Amendment rights. On March 18, 1991, one day prior to the hearing, defendant filed a brief in support of the motion to suppress which included the specific legal and factual grounds upon which the validity of the search was being questioned. At the hearing the state initially objected to the defective motion, but informed the court it was prepared to submit evidence on the motion. The state also indicated it had not had an opportunity to research the legal theories submitted in the defendant's brief in support of the motion to suppress.

The trial court decided to go ahead with the hearing and take testimony. Further, the court indicated:

"If based on the testimony that I hear I am satisfied that the motion should not be granted I will deny it.

"If I think there is a possibility that it should be granted I am going to go ahead, nonetheless, with the trial, and I am going to allow Mr. Spellacy to present his evidence at the trial.

"If after the trial is over I think that there is, and Mr. Spellacy's brief does not show a basis to resist the motion to suppress, I will then after the trial grant the motion to suppress."

■ The court took evidence on the motion and prior to adjournment requested the parties to research the specific issues raised by the evidence. Following a three-hour adjournment, arguments were presented by the parties. At the conclusion of the arguments, the court, recognizing what was said earlier about reserving ruling on the motion if it was meritorious and proceeding with a trial, made the following statement and the prosecutor gave the following response:

"THE COURT: Okay. I did indicate that I would give you some chance to respond further. I don't know whether you want to.

"I feel that we have had a goodly amount of time here. Maybe there is nothing to be gained from further research.

"I don't want to turn the tables on anybody here, if you think that I am going back on my word.

"I am prepared to decide this issue right here and go forward with this. Is that fair play?

"MR. SPELLACY: That's fine, Your Honor."

Based on the above, we conclude the state waived any objection to the court's decision to rule on the merits of the motion at the conclusion of testimony and arguments. Accordingly, the state's second assignment of error is overruled.

*Judgment affirmed.*

KRUPANSKY, C.J., JAMES D. SWEENEY and CROSS, JJ., concur.

JUDITH A. CROSS, J., of the Medina County Court of Common Pleas, sitting by assignment.