OPINION
{¶ 1} Defendant-appellant, Timothy Dale Mullins, appeals his conviction in the Butler County Court of Common Pleas for possession of cocaine on the basis that the trial court erred in overruling his motion to suppress evidence.
 {¶ 2} Appellant was charged with drug possession after he became involved with law enforcement officers executing a search warrant and those officers recovered crack cocaine from the front pocket of his pants. The trial court overruled his motion to suppress, and thereafter, appellant pled no contest to and was convicted of the charge. On appeal, he *Page 2 
presents one assignment of error for our review.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS UNLAWFULLY OBTAINED DRUGS FROM EVIDENCE."
 {¶ 5} According to the record from the motion to suppress hearing, law enforcement officers, seeking evidence of drug activity, were executing a search warrant before dawn at a house in Middletown. The search warrant also authorized the search of the curtilage of the residence and all persons present. Two officers, wearing plain clothes and badges, with vests that identified them as police, were standing outside on the front porch of the house when appellant walked up the sidewalk to the house and onto the front steps.
 {¶ 6} One of the officers testified that he directed a lit flashlight at appellant shortly before appellant reached the steps. The officer indicated that appellant appeared confused or under the influence of a substance. The officer testified that appellant was told several times they were police officers before appellant appeared to comprehend the statement. The officer testified that appellant responded by stuffing his hands into the front pockets of his pants.
 {¶ 7} Concerned that appellant might be reaching for a weapon, the officers grabbed appellant, and he was eventually "passed" or maneuvered to a uniformed patrol officer. The uniformed officer testified that he was watching occupants inside the residence during execution of the search warrant when he heard officers outside ordering someone to take his hand out of his pocket. Officers testified that appellant would not remove his hand from his left pocket.
 {¶ 8} The uniformed officer testified that based on appellant's reaction to the request to remove his hand from his pocket he also believed that appellant was under the influence of something. The uniformed officer testified that "[w]e eventually got his hand out of his *Page 3 
pocket and I put handcuffs on him."
 {¶ 9} The uniformed officer indicated that he performed a pat-down of appellant and felt a small "bump" in the left front pants pocket. The officer shined his flashlight on the area and observed a plastic or cellophane bag protruding from appellant's left front pants pocket. The officer testified that based on his experience he believed the object to be a narcotic.
 {¶ 10} An appellate court's review of a ruling on a motion to suppress presents a mixed question of law and fact. State v. Long (1998),127 Ohio App.3d 329, 332. A reviewing court must accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Bryson (2001), 142 Ohio App.3d 397, 402; State v. Forbes, Preble App. No. CA2007-01-001, 2007-Ohio-6412, ¶ 29. The appellate court then determines as a matter of law, without deferring to the trial court's conclusions, whether the trial court applied the appropriate legal standard. Bryson, Forbes.
 {¶ 11} We first address appellant's argument that the trial court erred in determining that the "plain feel" exception to the warrant requirement was applicable and permitted the seizure of the cocaine.
 {¶ 12} The trial court made the finding that appellant "introduced" himself into the situation by walking up to a "crack" house where officers were executing a search warrant. The record indicates that the search warrant authorized the search of persons present at the location. The trial court concluded that "whether or not" appellant was subject to the provisions of the search warrant, the seizure of the cocaine was lawful under the "plain feel" exception.
 {¶ 13} If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity "immediately apparent," there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same *Page 4 
practical considerations present in the plain-view context.Minnesota v. Dickerson (1993), 508 U.S. 366, 375-376, 113 S.Ct. 2130.
 {¶ 14} The "immediately apparent" requirement of the "plain feel" doctrine is satisfied if the officer has probable cause to associate the object with criminal activity, based on the totality of the surrounding circumstances. State v. Kursim, Clermont App. No. CA2002-04-034, 2002-Ohio-6880, ¶ 15, citing State v. Woods (1996), 113 Ohio App.3d 240,244; State v. Potter, Butler App. No. CA2006-07-166, 2006-Ohio-4246, ¶ 17.
 {¶ 15} Based on the totality of the surrounding circumstances, we find the officer had probable cause to believe the "bump" in appellant's front pocket was contraband. The record shows that police were executing a search warrant based on allegations of drug activity, and appellant voluntarily approached officers on the porch of the house and appeared to be under the influence of some substance. Appellant shoved his hands into his front pockets when he understood that police were present at the scene, and refused to remove his hand from his left pocket despite repeated requests to do so.
 {¶ 16} After appellant's hand was removed from his pocket, the officer who patted down appellant testified that he felt a bump in the left pocket and observed a plastic or cellophane bag protruding from that pocket. The officer testified that, given his experience with drug cases, plastic or cellophane is commonly the manner in which drugs are carried, and the incriminating nature of the bump was immediately apparent to him.
 {¶ 17} The trial court did not err in concluding that the evidence was properly seized under the plain feel exception. See State v.Pullen, Montgomery App. Nos. 22022, 22038, 2008-Ohio-2894, ¶ 34
(officer's testimony that he "believed" the item to be crack cocaine is entirely consistent with his having had probable cause for that belief).
 {¶ 18} Appellant next argues that the trial court's findings of fact are not supported by competent, credible evidence because there were contradictions in testimony from the *Page 5 
suppression hearing and the preliminary hearing.
 {¶ 19} The record indicates that only one officer testified at the preliminary hearing. This officer described how "we" made contact with and placed appellant in handcuffs, and "upon conducting a search of his person, located * * * crack cocaine * * *." The officer testified that the cocaine, which consisted of three rocks, was "loose" and not contained in plastic or cellophane.
 {¶ 20} As we previously noted, a uniformed officer present at the house during the execution of the search warrant testified at the suppression hearing that the officers who initially encountered appellant "passed" appellant to him, and he was the officer who placed appellant in handcuffs and conducted a pat down for weapons. The officer testified that the drug he seized was in a plastic or cellophane bag, and he recalled finding only one rock of cocaine.
 {¶ 21} A review of the record indicates some inconsistencies in the testimony specifically related to the appearance of the crack cocaine, but the trial court found the uniformed officer's testimony to be credible. Competent, credible evidence supports the trial court's factual findings and determinations of credibility on the motion to suppress. See State v. Frisby, Butler App. No. CA2001-05-102, 2002-Ohio-616 (trial court did not fail to consider credibility issues in making it determination on motion to suppress). Appellant's arguments on this issue are not well-taken.
 {¶ 22} The trial court did not err in overruling appellant's motion to suppress evidence. Appellant's assignment of error is overruled.
 {¶ 23} Judgment affirmed. YOUNG and POWELL, JJ., concur. *Page 1