[Cite as *State v. Hall*, 2012-Ohio-4155.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97722**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LENAIL T. HALL

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-549681

**BEFORE:** Stewart, P.J., Keough, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** September 13, 2012

**ATTORNEY FOR APPELLANT**

Kimberly K. Yoder
Kimberly K. Yoder Co., L.P.A.
20325 Center Ridge Road, Suite 512
Rocky River, OH    44116


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Louis J. Brodnik
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶1} Defendant-appellant Lenail T. Hall appeals from the trial court's denial of his motion to suppress evidence obtained from a pat-down search after a traffic stop of a vehicle in which he was a passenger. Hall argues that the plain view doctrine is inapplicable because the incriminating character of the evidence seized was not immediately apparent and, alternatively, that the search could not be justified by the plain feel doctrine because the object seized was not immediately identifiable as a weapon or contraband. For the following reasons, we affirm.

{¶2} Officer William Mazur of the Cleveland Police Department testified that while patrolling on the evening of March 4, 2010 in a one-man car, he observed in his rear view mirror an approaching vehicle with its headlights off. Mazur allowed the vehicle to pass him and then activated his lights and siren before conducting a traffic stop. Mazur approached the driver's side of the stopped vehicle with his flashlight directed on the car and observed the front seat passenger, Hall, crouched down and shoving an unidentified item into his right boot. Mazur requested the driver of the vehicle to produce his driver's license, and noticed the passenger use his hand in an attempt to conceal a wine bottle lying on the seat. Mazur returned to his patrol car to summon back up.

{¶3} After officers Francel and Payne arrived, Mazur approached the passenger side of the vehicle and instructed Hall to exit the car. Mazur and Francel testified that when Hall stepped out of the vehicle, they detected approximately one inch of a plastic bag protruding from his right boot. Mazur then performed a pat-down search for weapons and detected a "slight bulge" in Hall's right boot. Mazur removed the plastic bag and discovered that it contained a large chunk of crack cocaine. Mazur testified that he also found $530 in cash on Hall before reading him his rights and arresting him.

{¶4} Hall was charged with drug trafficking, drug possession, and possession of criminal tools, and entered a plea of not guilty. He later filed a motion to suppress evidence claiming that the traffic stop was not legitimate and the search and seizure illegal. The trial court overruled his motion and Hall subsequently entered a plea of no contest six weeks later.

{¶5} Hall, in his sole assignment of error, argues that the trial court erred in denying his motion to suppress.

{¶6} Appellate court review of a trial court's ruling on a motion to suppress presents mixed questions of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.

> [T]he trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard.

*State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994).   We review the trial court's application of the law de novo.   *Burnside* at ¶ 8.

{¶7} Hall does not challenge the lawfulness of the initial traffic stop.   Instead, he asserts that: (1) the protective search exceeded the determination of whether he was armed; (2) the purpose of the search was to retrieve contraband; (3) the search exceeded the boundaries of the "plain feel" doctrine; and (4) the seizure was not justified by the "plain-view" exception to the warrant requirement.

{¶8} The Fourth Amendment to the United States Constitution permits law enforcement to stop and detain a person if an officer has a reasonable suspicion, based upon specific and articulable facts, that criminal activity "may be afoot."   *Terry v. Ohio*, 392 U.S. 1, 9, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).   Courts must analyze the "'totality of the circumstances' of each case to determine whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing" when determining whether reasonable suspicion exists.   *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002), quoting *United States v. Cortez*, 449 U.S. 411, 417-418, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).

{¶9} The warrantless search by police officers of a place in which a person has a reasonable expectation of privacy is per se unreasonable, unless the search falls within a recognized exception to the warrant requirement.   *Minnesota v. Olson*, 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990).   "To justify a patdown of the driver or a passenger during a traffic stop, * * * the police must harbor reasonable suspicion that the person

subjected to the frisk is armed and dangerous."  *Arizona v. Johnson*, 555 U.S. 323, 326, 129 S.Ct. 781, 172 L.Ed.2d 694 (2009).  "A search for weapons in the absence of probable cause to arrest * * * must be limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby * * *."  *Terry* at 21.

{¶10} Mazur testified that during his initial approach of the vehicle, he observed Hall shove an unidentified object into his right boot.  He stated that he was concerned that Hall might be concealing a weapon that could be used to harm him.  Mazur further testified that he has, in previous instances, recovered small guns that were concealed in the type and style of boot that Hall was wearing.  We find that Mazur's limited pat-down search of Hall for weapons was justified.

{¶11} Both Mazur and Francel testified that they saw the plastic bag stuffed in Hall's boot immediately upon his exit from the vehicle.  Under the plain view doctrine, "if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant."  *Minnesota v. Dickerson,* 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).  "'Immediately apparent' means that the officer must have had probable cause to believe the item was contraband."  *State v. Seibert,* 5th Dist. No. 2003CR-08 0197, 2005-Ohio-275, ¶ 17, citing *Arizona v. Hicks*, 480 U.S. 321, 326, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987).  "If, however, the police lack probable cause to believe that an object in plain view is contraband without conducting some further search of the object — *i.e.*, if 'its incriminating character is not 'immediately

apparent,' — the plain-view doctrine cannot justify its seizure." *United States v. Walker*, 181 F.3d 774, 779 (6th Cir.1999).

{¶12} *Terry* has been expanded to include allowable discovery and confiscation of contraband other than weapons under the plain feel doctrine "[i]f a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent * * *." *State v. Huffman*, 8th Dist. No. 93000, 2010-Ohio-5116, ¶ 14, citing *Dickerson* at 375. However, "once the officer determines the object detected * * * is not a weapon, the search must stop unless probable cause and exigent circumstances exist." *State v. Eatmon*, 5th Dist. No. 2009 CA 0045, 2010-Ohio-5092, ¶ 41, citing *Dickerson* at 375.

{¶13} Hall asserts that the plain view doctrine is inapplicable because the incriminating character of the plastic bag was not immediately apparent to Mazur because the officer testified that plastic bags are associated with drugs and not weapons. Alternatively, Hall argues that Mazur went beyond constitutionally permissive bounds of the plain feel doctrine when he could not ascertain if the bulge in Hall's boot was a weapon, but removed it nevertheless. He contends that the search and subsequent seizure were therefore illegal.

{¶14} This court has previously found that the physical properties of a plastic bag can suffice as incriminating characteristics related to contraband, if immediately apparent to officers based upon their training, experience, and in combination with some furtive movement by a suspect. *See, e.g., State v. Hunter,* 98 Ohio App.3d 632, 636, 649

N.E.2d 289 (8th Dist.1994) ("incriminating nature of the wadded up plastic bag was immediately apparent to the officer"); *State v. Mullins,* 12th Dist. No. CA2007-08-194, 2008-Ohio-3516, ¶ 16 ("officer testified that, given his experience with drug cases, plastic or cellophane is commonly the manner in which drugs are carried, and the incriminating nature of the bump was immediately apparent to him").

{¶15} In the case at bar, Mazur testified that he patted down Hall's boot, felt a "slight bulge," and also stated that "[m]y suspicion was it could be a weapon or it could be drugs. I just didn't know * * * I thought that there was something in his boot that could be used to harm * * * himself, myself, anybody else." On cross-examination, defense counsel asked Mazur: "[y]our main purpose for patting him down was to take that plastic bag and find out what was in it, correct officer?" Mazur replied "correct."

{¶16} In *State v. Jones*, 9th Dist. No. 20810, 2002-Ohio-1109, a police officer removed a "gumball-sized, hard substance in a plastic bag," later determined to be crack cocaine, from the defendant's clothing while conducting a lawful *Terry* search. *Id.* at ¶ 23. The court stated that "[w]hile the officer did determine with reasonable certainty that the gumball-sized substance in the baggie was not a weapon, the officer was not required to ignore the item as he was able to discern that the item was most likely contraband." *Id.* at ¶ 24.

{¶17} Mazur similarly initiated a *Terry* search to determine if Hall was armed, and in the process observed and felt what he believed to be contraband. When viewing the totality of the circumstances, Mazur was entitled to seize the drugs because the baggie

was in plain view and discovered in the course of a lawful stop and justifiable pat-down search for weapons.

**{¶18}** We do recognize that "[e]vidence discovered as a result of a search which was not reasonably related in scope to the justification for its initiation cannot be introduced as evidence." *State v. Cartledge*, 76 Ohio App.3d 145, 147, 601 N.E.2d 157 (8th Dist.1991). However, Hall's attempt to conceal the bag, Mazur's observations and experience concerning the physical characteristics and placement of the bag, and the officer's detection of the contoured bulge in Hall's boot combined to make it immediately apparent that the baggie contained crack cocaine. "Probable cause to associate an object with criminal activity does not demand certainty in the minds of police, but instead merely requires that there be a 'fair probability' that the object they see [or feel] is illegal contraband or evidence of a crime." *State v. Jones*, 2d Dist. No. 19248, 2002-Ohio-4681, ¶ 10, citing *State v. Thompson*, 134 Ohio App.3d 1, 4, 729 N.E.2d 1268 (2d Dist.1999).

**{¶19}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR