WELBAUM, J., dissenting:
{¶ 18} I very respectfully dissent from the majority's holding that the encounter between Detective Lingo and Wertz was nonconsensual.
{¶ 19} The fact that Detective Lingo called out for Wertz to stop pushing the dirt bike and to come over and speak with him does not render the encounter nonconsensual. "Even when a law enforcement [officer] phrases a statement in an imperative or declarative-rather than in an interrogative-fashion, courts have generally ruled that an imperative or declarative statement, by itself, does not transform a consensual encounter into a seizure." State v. Blankenship , 4th Dist. Ross No. 13CA3417, 2014-Ohio-3600, 2014 WL 4161479, ¶ 16, citing Columbus v. Body , 10th Dist. Franklin No. 11AP-609, 2012-Ohio-379, 2012 WL 353764, State v. Duncan , 9th Dist. Summit No. 21155, 2003-Ohio-241, 2003 WL 150091, and United States v. Brown , 447 Fed.Appx. 706, 708-709 (6th Cir.2012). "Instead, courts must *673 examine the totality of the circumstances present in each case in order to ascertain whether an imperative or declarative statement constitutes a sufficient show of authority to ripen a consensual encounter into a seizure subject to Fourth Amendment scrutiny." (Citation omitted.) Id.
{¶ 20} In State v. Smith , 45 Ohio St.3d 255, 544 N.E.2d 239 (1989), the Supreme Court of Ohio held that a consensual encounter did not ripen into a seizure when an officer stated "hey, come here a minute," to the defendant, and none of the officers on the scene displayed any weapons, physically touched the defendant, used a threatening tone of voice, ordered the defendant into the police cruiser, indicated that the defendant's noncompliance would lead to his arrest, or block the defendant's exit with their cruiser. Id. at 258-259, 544 N.E.2d 239, reversed on other grounds , Smith v. Ohio , 494 U.S. 541, 110 S.Ct. 1288, 108 L.Ed.2d 464 (1990).
{¶ 21} Likewise, in Columbus v. Body , 10th Dist. Franklin No. 11AP-609, 2012-Ohio-379, 2012 WL 353764, the Tenth District Court of Appeals determined that an officer's statement "come over here," did not constitute a seizure under circumstances where the officer acted without the threatening presence of several officers, did not activate his siren or search light, did not attempt to block the defendant's path, did not attempt to pursue the defendant, did not display his weapon, and did not use a threatening voice. Id. at ¶ 20.
{¶ 22} The Body court also noted that "[f]ederal courts have also recognized that 'simply calling out to someone to come over to talk does not constitute a seizure.' " Id. at ¶ 18, quoting Brown at 709, citing United States v. Matthews , 278 F.3d 560, 562 (6th Cir.2002), abrogated on other grounds , United States v. McMurray , 653 F.3d 367 (6th Cir.2011) (holding that an officer's statement "hey, buddy, come here," did not constitute a seizure because the addressee could have "politely declined to do so, and walked away").
{¶ 23} More recently, in State v. Blankenship , 4th Dist. Ross No. 13CA3417, 2014-Ohio-3600, 2014 WL 4161479, the Fourth District Court of Appeals held there was a consensual encounter where an officer told the defendant to "step over here," and did not otherwise engage in conduct that could be construed as a show of authority sufficient to constitute a seizure. Id. at ¶ 23-24. Specifically, the officer did not pursue the defendant, continue to interrogate the defendant against his expressed desire, call the defendant to halt, block the defendant's path, hold the defendant's identification or other property, physically grab or move the defendant, display his weapon, activate his siren or cruiser lights, or indicate that the defendant's noncompliance would lead to his arrest. Id. at ¶ 24. The Blankenship court also noted that the officer was alone, and thus acted without the " 'threatening presence of several officers.' " Id. , quoting United States v. Mendenhall , 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980).
{¶ 24} The present case is analogous to Smith , Body , and Blankenship . There is nothing in the record indicating that Detective Lingo's conduct amounted to a show of authority that would have caused a reasonable person in Wertz's position to feel as though he could not walk away and/or decline the officer's request. Specifically, there is nothing in the record indicating that Detective Lingo used a threatening or commanding tone when he told Wertz to "come over here." Furthermore, Detective Lingo did not pursue Wertz in his back yard, block Wertz's path, display a weapon, threaten Wertz, or indicate that Wertz's noncompliance would lead to his arrest. There is also nothing in the record indicating that Wertz asked Detective Lingo *674 to leave, or that Wertz expressed any desire to end the encounter. Moreover, Wertz was not physically searched or arrested by Detective Lingo. In fact, upon concluding the conversation with Wertz, Detective Lingo simply got back in his cruiser and left the scene. The record further indicates that Detective Lingo was acting alone during the encounter, without the threatening presence of several officers.
{¶ 25} The fact that Detective Lingo asked Wertz questions, checked Wertz's identification card, and recorded the VIN of Wertz's dirt bike with his consent does not alter the consensual nature of the encounter. See, e.g., State v. Hardin , 2d Dist. Montgomery No. 20305, 2005-Ohio-130, 2005 WL 78702, ¶ 19-20 (finding a consensual encounter where an officer asked the defendant questions, requested information, and conducted a pat-down search with the defendant's consent).
{¶ 26} The consensual nature of the encounter is also not altered by the fact that Detective Lingo initiated the encounter on Wertz's private property. "[T]he police may enter private property without such conduct constituting a search, provided that the officers restrict their movements to those areas generally made accessible to visitors, such as driveways, walkways, or similar passages." State v. Lewis , 2d Dist. Montgomery No. 22726, 2009-Ohio-158, 2009 WL 105635, ¶ 25, citing State v. Lungs , 2d Dist. Montgomery No. 22704, 2008-Ohio-4928, 2008 WL 4369760, ¶ 20 ; State v. Peterson , 173 Ohio App.3d 575, 2007-Ohio-5667, 879 N.E.2d 806, ¶ 17 (2d Dist.) ("The only areas of the curtilage where the officers may go are those impliedly open to the public."). In Lewis , this court held that the consensual nature of the defendant's encounter with a police officer was not altered by the fact that it occurred on a grassy area between the alley and the defendant's fence. Here, Detective Lingo testified that the encounter occurred in an open area on the side of Wertz's house, and that while he may have walked "a couple of steps" into the side of Wertz's backyard, he did not go over Wertz's fence. Like Lewis , Lingo remained in an area outside the defendant's fence, which is an area generally accessible to visitors.
{¶ 27} For the foregoing reasons, I respectfully disagree with the majority's conclusion that Detective Lingo's encounter with Wertz was nonconsensual, as a reasonable person in Wertz's position would not have felt as though he was not free to leave or that he was compelled to answer Detective Lingo's questions. Because I find the encounter consensual, there was, in my opinion, no unlawful seizure that warranted the suppression of the evidence at issue. Accordingly, I would affirm the judgment of the trial court overruling Wertz's motion to suppress.